UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRUCE TUBBS (#11044-010), Petitioner | CIVIL ACTION NO. 1:17-CV-271-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Bruce Tubbs ("Tubbs") (#11044-010). Tubbs is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Tubbs challenges his conviction and sentence imposed in the United States District Court for the Western District of Arkansas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Tubbs was convicted of maintaining a drug premises in violation of 21 U.S.C. § 856(a)(2), and he was sentenced as a career offender to 120 months of imprisonment. (1:12-cr-10017, W.D. Ar., Doc. 11). Tubbs filed a pro se motion to reduce sentence under 18 U.S.C. § 3582 (c)(2) (allowing a district court to reduce a previously-imposed prison term if a defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission") and Guidelines

Amendment 782 (reducing the base offense level for most drug quantity offenses). (1:12-cr-10017, W.D. Ar., Doc. 13). Tubbs's motion was denied because he was sentenced pursuant to the career offender guidelines and is ineligible for a reduction. (1:12-cr-10017, W.D. Ar., Docs. 15, 17). The appellate court affirmed. (No. 15-3023, 8th Cir. 9/18/15).

Tubbs filed this § 2241 petition claiming that, under Mathis v. United States, 136 S. Ct. 2243 (2016) and United States v. Hinkle, 832 F.3d 569, 574 (5th Cir. 2016), the district court erred in finding that Tubbs was a career offender. (Doc. 1-2, p. 11).

## II. Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001) (citing Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000)). The proper venue for such a challenge is the district in which the prisoner is incarcerated. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (citing Pack, 218 F.3d at 451).

In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). A § 2255 motion "provides the primary

means of collateral attack on a federal sentence" and must be filed in the court that issued the contested sentence. See Cox, 911 F.2d at 1113.

A § 2241 petition that seeks to challenge the validity of a federal sentence or conviction must be either dismissed or construed as a § 2255 motion. See Pack, 218 F.3d at 452. Tubbs challenges the legality of his conviction and sentence. Thus, Tubbs's claim would be properly brought in a § 2255 motion, over which this Court has no jurisdiction. See Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997).

The savings clause is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack, 218 F.3d at 452. It allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate is squarely on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A prisoner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or restriction on filing second or successive motions to vacate. See Pack, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under this provision, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which

3

he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d at 904.

Petitioner claims he is entitled to proceed under the savings clause based on Mathis v. United States, 136 S. Ct. 2243 (2016) and United States v. Hinkle, 832 F.3d 569, 574 (5th Cir. 2016). Tubbs has not shown that Mathis, which was a direct appeal of a sentence, sets forth a new rule of constitutional law that has been made retroactive to cases on collateral review. See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2) because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review). In fact, the Supreme Court explicitly stated in Mathis that it was not announcing a new rule, and that its decision was dictated by decades of prior precedent. See Mathis, 136 S. Ct. at 2257; see also Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

In Hinkle, the appellate court applied Mathis on direct appeal, not collateral review. See Hinkle, 832 F.3d at 574-577 (vacating sentence on direct appeal because defendant's prior Texas conviction for delivery of heroin did not qualify as a controlled substance offense under the career offender provision). Thus, it likewise offers Tubbs no support.

### III. <u>Conclusion</u>

Because Tubbs cannot meet the savings clause, he cannot proceed under § 2241. Tubbs's claims should be filed as motion under § 2255, over which this Court lacks of jurisdiction. Thus, IT IS RECOMMENDED that Tubbs's petition be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_24th\_\_ day of March, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge